**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al. | No. 08-16400 |
| Plaintiffs - Appellants, | D.C. No. CIV-261-TUC-CKJ |
| v. | MEMORANDUM [*] |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al. | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted November 5, 2009
San Francisco, California

Before: HUG, RYMER AND McKEOWN, Circuit Judges.

The Center for Biological Diversity ("the Center") appeals the district

court's summary judgment in favor of the United States Department of Housing

and Urban Development ("HUD"), the United States Small Business

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Administration ("SBA") and the United States Department of Veterans Affairs ("VA") (collectively, "the agencies") for claimed violations of the Endangered Species Act ("ESA") and the National Environmental Policy Act ("NEPA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1175 (9th Cir. 2002), and we affirm.

Under the ESA, federal agencies must review their actions to determine whether they may affect listed species or critical habitat. 50 C.F.R. § 402.14; *Gifford Pinchot Task Force v. U.S. Fish & Wildlife Serv.*, 378 F.3d 1059, 1063 (9th Cir. 2004). Effects of the action refers to both direct and indirect effects. 50 C.F.R. § 402.02. Indirect effects are those that are caused by the proposed action and are later in time, but still reasonably certain to occur. *Id*. NEPA requires federal agencies to complete an Environmental Impact Statement for "major Federal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(C). NEPA requires "a reasonably close causal relationship" between the environmental effect and the alleged cause. *Dep't of Transp. v. Public Citizen,* 541 U.S. 752, 767 (2004). Marginal federal action does not fall within the scope of NEPA. *Sierra Club v. Penfold*, 857 F.2d 1307, 1314 (9th Cir. 1988). The

2

standards of review of federal action under NEPA and the ESA are similar. *Marbled Murrelet v. Babbitt*, 83 F.3d 1068, 1075 (9th Cir. 1996).

The agencies guarantee loans issued by private lenders to qualified borrowers, but do not approve or undertake any of the development projects at issue. The agencies' loan guarantees have such a remote and indirect relationship to the watershed problems allegedly stemming from the urban development that they cannot be held to be a legal cause of any effect on protected species for purposes of either the ESA or the NEPA. This case stands in contrast to those where the disputed agency action had a more direct, on-the-ground effect and where the environmental mandates thus had to be followed by the agencies. *See, e.g., Davis v. Coleman,* 521 F.2d 661, 674-75 (9th Cir. 1975). The district court's grant of summary judgment was proper.

**AFFIRMED.**